[Crim. No. 7440.   Second Dist., Div. Three.   Mar. 2, 1961.]

THE PEOPLE, Respondent, v. HELMON WHITE, JR., Appellant.

Helmon White, Jr., in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Helmon White, Jr., and Isaac I. Pitts were jointly accused of burglarizing a clothes cleaning establishment. It was alleged that White had previously served a prison term following violation of section 666 of the Penal Code. In a nonjury trial in which defendants were represented by a deputy public defender, Pitts was acquitted, White was convicted of burglary of the second degree and the allegation of the prior conviction was found to be true;

probation was denied and White was sentenced to state prison; he appeals from the judgment, in propria persona.

Upon appellant's application for appointment of counsel, the court read the record and finding that the appeal was without merit and appointment of counsel would serve no useful purpose, the application was denied. Appellant was notified, was given time in which to file a brief and no brief has been filed.

██ There was evidence of the following facts. Police Officers Bujer and Rada at about 4 a. m. apprehended two men in the vicinity of the cleaning establishment, interrogated them and took them to the police station nearby. Upon arriving at the station the officers heard the sound of a burglar alarm from the cleaning establishment, immediately returned and parked. When they had intercepted the other suspects the door of the cleaning establishment was intact. As they parked their car and directed the headlights toward the shop they discovered the door had been broken and glass strewn on the sidewalk. Nearby was a car in which Pitts was sitting; the motor was running. Officer Rada saw White come from the door of the cleaning shop with an armload of clothes. White was placed under arrest; Pitts appeared to be asleep in the car and also was arrested. White had four men's slacks, a lady's shirt and a grey top coat as he came out of the shop, all of which belonged to customers. One of the articles White removed from the shop was a lady's checked coat which was introduced in evidence and identified by the proprietor as an article belonging to a customer which was in the shop at the time of the burglary. The other articles had been returned by the police.

Defendant White testified in his own behalf; he and Pitts had been playing cards at the home of White's brother; they had been drinking; at about 4 o'clock he was driving the car; Pitts was a passenger; they were stopped by Officer Bujer and questioned, but were not detained. Shortly afterward, while in front of the shop he heard a burglar alarm go off and saw four men run from the shop, one of whom had the clothes in his arms. White shouted and "they" dropped several things, leaped into a car and drove away. He walked over and picked up the clothes; the police car approached and stopped; he walked over to the car and told Officer Rada what had happened and the officer said that he had seen no other car. Defendants were then arrested. White picked up

the clothes in order to give them to the police officers. He had previously traded with the cleaning establishment.

Defendant Pitts testified that he had been drinking, was asleep in the car, but that he heard the burglar alarm; he did not testify to having seen any one else in the vicinity before the officers arrived.

This summarizes the entire evidence in the case. The court disbelieved the testimony of defendant. It is not our function to judge the credibility of witnesses. The appeal presents no question of law.

The judgment is affirmed.